# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARA FELD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 13-13122-FDS |
| CRYSTAL CONWAY, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This action arises out of an allegedly defamatory tweet.[1] In November 2010, plaintiff Mara Feld arranged for her thoroughbred gelding, Munition, to be shipped to a horse farm. He was instead sent to a horse auction and may have eventually been slaughtered in Canada. Munition's fate became a topic of great debate on Internet sites dealing with horses. As part of that debate, defendant Crystal Conway posted the following message on her Twitter account: "Mara Feld aka Gina Holt – you are fucking crazy!"

Feld commenced this action against Conway on December 10, 2013, alleging defamation. Jurisdiction is based on diversity of citizenship.

Conway has moved to dismiss under Fed. R. Civ. P. 12(b)(6), contending that the

---

[1] A "tweet" is "a posting from Twitter, a web application by which users post brief status messages, visible to the public generally, accessible at www.twitter.com." *Senese v. Hindle*, 2011 WL 4536955, at *5 n.28 (E.D.N.Y. Sep. 9, 2011). Tweets are limited to 140 characters. Joe Trevino, *From Tweets to Twibel: Why the Current Defamation Law Does Not Provide for Jay Cutler's Feelings*, 19 Sports Law. J. 49, 58 (2012).

complaint fails to state a claim upon which relief can be granted.[2] For the following reasons, the motion will be granted.

I. **Background**

The facts are stated as alleged in the complaint.

Martha Feld is a citizen of Massachusetts. In November 2010, Feld arranged to have a horse dealer ship her thoroughbred gelding, Munition, to a horse farm in New Jersey where he would become a companion horse. She later learned that Munition was instead sent to a horse auction in New Holland, Pennsylvania. He may have subsequently been shipped to Canada and slaughtered. The horse's fate became a topic of great debate on Internet sites dealing with thoroughbred race horses. *See* Paula J. Owen, *Fatal transactions; Sale of a horse can be a death sentence*, Telegram & Gazette (Feb. 7, 2011), http://www.telegram.com/article/20110207/NEWS/102070407/1101.

Crystal Conway is a citizen of Kentucky. She is employed as a "Bloodstock Agent" at CC Bloodstock Services, a full-service thoroughbred breeding and consulting agency in Lexington, Kentucky. (Compl. ¶ 7). At some point, Conway became involved in the ongoing online discussion and debate concerning Munition's disappearance.

Conway maintains a Twitter account with the user name "Shesunskippable." On December 11, 2010, she posted on her Twitter account: "Mara Feld aka Gina Holt – you are fucking crazy!"

---

[2] Conway has also moved to dismiss for lack of personal jurisdiction. Although "courts should ordinarily satisfy jurisdictional concerns before addressing the merits of a civil action," where "the affected defendant does not insist that the jurisdictional issue be determined first . . . the district court [can] eschew[] difficult jurisdictional and venue-related issues in favor of ordering dismissal on the merits." *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 40 (1st Cir. 1991). Because the jurisdictional determination involves difficult questions of how the Internet affects the personal jurisdiction analysis, the Court addresses the case on the merits.

Feld holds a doctorate in toxicology.  Consequently, her professional career is dependent on the public review and endorsement of her publications.  Peers, professors, prospective employers, and interested parties find her work by searching the Internet for her name.  Conway's tweet can be found by searching for Feld's name with Internet search engines.

Feld filed this case on December 10, 2013.  The complaint alleges one count of defamation of character by libel.  On March 21, 2014, Conway filed a motion to dismiss, contending that the complaint does not state a claim upon which relief can be granted.

## II.  Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III. Analysis

To establish a defamation claim under Massachusetts law, a plaintiff must show (1) that the defendant made a statement concerning the plaintiff to a third party; (2) that the statement could damage the plaintiff's reputation in the community; (3) that the defendant was at fault in making the statement; and (4) that the statement either caused the plaintiff economic loss or is actionable without proof of economic loss. *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) (citing *Ravnikar v. Bagojavlensky*, 438 Mass. 627, 629-30 (2003)).

Defendant contends that her tweet is an expression of opinion and hyperbole. Under the First Amendment, opinions are constitutionally protected and cannot form the basis of a defamation claim. *See Gertz v. Welch*, 418 U.S. 323, 339-40 (1974). "An 'expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified or unreasonable the opinion may be or how derogatory it is.'" *Yohe v. Nugent*, 321 F.3d 35, 41 (1st Cir. 2003) (quoting *Dulgarian v. Stone*, 420 Mass. 843, 847 (1995)). In addition, "[s]tatements that contain 'imaginative expression' or 'rhetorical hyperbole' are protected." *Levinesque v. Doocy*, 560 F.3d 82, 89 (1st Cir. 2009).

To determine whether or not a statement is opinion or hyperbole, "a court must examine the statement in its totality and in the context in which it was uttered or published. The court must [also] consider all the words used . . . [and] all of the circumstances surrounding the statement." *Yohe*, 321 F.3d at 41 (internal quotations omitted). For example, the Supreme Court has repeatedly extended First Amendment protection to statements that, in context, do not reasonably state or imply defamatory falsehoods. *See, e.g.*, *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 398 U.S. 6, 14 (1970) (use of the word "blackmail" to describe the plaintiff's hard-

4

nosed negotiating tactics could not reasonably be understood to mean the plaintiff had committed a criminal offense); *Old Dominion Branch No. 496, Nat. Ass'n of Letter Carriers, AFL-CIO v. Austin*, 418 U.S. 264, 285-86 (1974) (union publication accusing a scab of being a "traitor," accompanied by a list of names, could not reasonably be understood to accuse the listed individuals of treason); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50 (1988) (advertising parody depicting the Reverend Jerry Falwell in an incestuous relationship with his mother could not reasonably have been interpreted as stating actual facts about Falwell).

Plaintiff contends that defendant's allegedly defamatory tweet, standing alone, is "an unexplained indictment of Mara Feld's sanity." (Pl. Mem. at 2). The complaint, however, alleges that defendant posted her tweet as part of an "ongoing online discussion and debate concerning the disappearance of Munition." (Compl. ¶ 5).

The tweet cannot be read in isolation, but in the context of the entire discussion. In this case, the tweet was made as part of a heated Internet debate about plaintiff's responsibility for the disappearance of her horse. Furthermore, it cannot be read literally without regard to the way in which a reasonable person would interpret it.

The phrase "Mara Feld . . . is fucking crazy," when viewed in that context, cannot reasonably be understood to state actual facts about plaintiff's mental state. It was obviously intended as criticism—that is, as opinion—not as a statement of fact. The complaint therefore cannot base a claim of defamation on that statement.

The complaint bases its claim of defamation solely on defendant's tweet. Accordingly, the motion to dismiss will be granted.

## VI. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: April 14, 2014 | United States District Judge |